DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**STANLEY K. AIKENS, et al.,**

                  **Plaintiffs,**

                                                       **CIVIL ACTION**

**v.**

                                                       **No.   01-2427-CM**

**DELUXE FINANCIAL SERVICES, INC.,**

                  **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Protective Order Concerning Plaintiffs' Requests for Attorney-Client Communications and Documents Generated in Anticipation of Litigation (doc. 80). For the reasons set forth below, the Court will grant the motion in part.

**I.      Background Information**

This is an employment discrimination action brought by several former and current employees of Defendant, as well as two employees of temporary employment agencies who worked for Defendant. Plaintiffs allege race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

Defendant seeks a protective order relieving it from the obligation to respond to various interrogatories and requests for production (collectively referred to as "requests") that Plaintiff has served on Defendant. In the alternative, Defendants seeks a protective order relieving Defendant from the obligation of providing a privilege log.

**II.     Standard for Granting a Motion for Protective Order**

Federal Rule of Civil Procedure 26(c) provides that a court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it.[1] To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[2] The decision to enter a protective order is within the court's discretion.[3]

### III. Protective Order Relieving Defendant of the Obligation to Respond to the Requests

#### A. Should a Protective Order Be Entered on the Basis That the Requests Are Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence?

Defendant first argues that it is entitled to a protective order because the requests are not reasonably calculated to lead to the discovery of admissible evidence. Defendant argues they are not reasonably calculated to lead to the discovery of admissible evidence because, by their express terms, they seek only privileged information and protected work product.

The Court will decline to enter a protective order on this basis. A party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c). In other words, the protective order must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense."[4] Rule 26(c) does not provide for

---

[1] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[2] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L. Ed. 2d 693 (1981).

[3] *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995).

[4] Fed.R.Civ.P. 26(c).

any type of order to protect a party from having to divulge privileged information or materials that are not calculated to lead to the discovery of admissible evidence. While a party may object to providing discovery on the basis of privilege or on the basis that the request is not calculated to lead to the discovery of admissible evidence, the Court may only rule on the validity of such an objection in the context of a motion to compel. Such an objection is not a basis upon which the Court may enter a Rule 26(c) protective order. Accordingly, the Court will decline to grant Defendant's motion for protective order to the extent it is based on Defendant's assertion that the requests are not calculated to lead to the discovery of admissible evidence and seek only privileged and protected materials.

### B.   Should a Protective Order Be Entered on the Basis That the Requests Are Overly Broad on Their Face?

The second ground that Defendant asserts for requesting a protective order is that the requests are overly broad on their face. Defendant argues that the requests are facially overbroad because they seek information "regarding" or "relating to" dozens of lawsuits and Equal Employment Opportunity Commission ("EEOC") charges.

The Court agrees that a request may be deemed overly broad on its face when it uses the term "regarding," "relating to," or "pertaining to" with respect to a broad category of documents.[5] Overbreadth, however, is not one of the grounds enumerated in Rule 26(c) that will support a request for protective

---

[5]*See, e.g., Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999) (request facially overly broad due to its use of the omnibus phrase "relating to," particularly where it did not modify a specific type of document but rather a broad class of documents); *Mackey v. IBP, Inc.,* 167 F.R.D. 186, 197 (D. Kan. 1996) (use of omnibus phrases such as "pertaining to" often makes an interrogatory overly broad on its face).

3

order. While it is an objection that may be asserted in responding to a discovery request, it simply is not a basis upon which the Court may enter a Rule 26(c) protective order. The Court will therefore decline to enter a protective order on this basis.

**IV.     Protective Order Relieving Defendant of the Obligation to Provide a Privilege Log**

Defendant argues in the alternative that it should be relieved of the obligation to provide a privilege log in response to these requests. Defendant contends that providing a privilege log would (1) reveal defense counsel's thought processes, strategies, and mental impressions in violation of the work product doctrine, and (2) impose an undue burden on Defendant.

**A.     Should a Protective Order Be Entered on the Basis That Providing a Privilege Log Would Reveal Defense Counsel's Thought Processes in Violation of the Work Product Doctrine?**

The Court does not find that a protective order should be entered on this basis. While a party may object to responding to discovery requests on the basis that the requested documents are protected under the work product doctrine, it is not one of the grounds enumerated in Rule 26(c) for obtaining a protective order. The Court therefore denies the motion for protective order on this basis.

**B.     Should a Protective Order Be Entered on the Basis That Providing a Privilege Log Would Be Unduly Burdensome?**

*1.     Undue burden as a basis for entering a protective order*

Rule 26(c) expressly provides that a protective order may be entered to protect a party from

"undue burden or expense."[6] Thus, unlike the other grounds asserted by Defendant, this is a valid basis upon which Defendant may request a protective order. The Court will therefore proceed to determine whether Defendant has satisfied its burden of establishing that the preparation of a privilege log would be unduly burdensome. Before the Court does so, however, the Court will set forth the three groups of discovery requests at issue.[7]

> 2. *The discovery at issue*
>
>> a. *Interrogatories seeking identification of attorney-client communications*

The first group of discovery requests is comprised of interrogatories that Defendant claims require the identification of a vast number of attorney-client privileged communications and documents protected by work product immunity. Each of the eleven Plaintiffs has submitted an interrogatory asking Defendant to identify all oral and written communications between Defendant and the law firm representing it regarding this lawsuit and other lawsuits. Caldwell First Interrogatory No. 7, which is virtually identical to the other ten interrogatories at issue,[8] asks for the following information:

---

[6] Fed.R.Civ.P. 26(c).

[7] Plaintiffs assert various arguments about "Request for Production No. 9," which Plaintiffs describe as seeking all documents that Defendant sent to the EEOC relating to Plaintiffs' discrimination complaints. Defendant correctly points out in its reply that this particular request is not at issue in Defendant's Motion for Protective Order. The Court therefore need not address the arguments Plaintiffs raise regarding this request.

[8] In addition to seeking a protective order as to Caldwell First Interrog. No. 7, Defendant seeks a protective order as to Bailey, Antrina Carter, Damon Carter, Dockery, Madison, Owens, McIntosh, Williams, and Ford First Interrog. No. 7, and as to Aikens First Interrog. No. 21.

Please identify each and every communication, whether written or oral, between the defendant and the law firm of Stinson, Mag & Fizzell (now Stinson Morrison Hecker LLP), regarding specific litigation or EEOC activities, from 1998 to the end of 2001, specifically noting the individuals involved in the communication, the date of the communication, and the substance of the communication.[9]

>   b.   *Requests for production of documents exchanged between Defendant and its counsel*

The second group is comprised of requests for production that seek all correspondence and documentation exchanged between Defendant and its counsel (the "Stinson Law Firm"). There are two different versions of this request. One version asks Defendant to produce:

A copy of any and all correspondence and/or documentation exchanged between defendant, and the law firm of Stinson, Mag & Fizzell (now Stinson Morrison Hecker LLP), between August of 2000 and the present.[10]

A second version requests:

A copy of any and all correspondence and/or documentation exchanged between defendant, and the law firm of Stinson, Mag & Fizzell (now Stinson Morrison & Hecker), regarding specific litigation activities or specific EEOC activities between 1998 and the present.[11]

>   c.   *Requests for production of documents generated or received by employees of Defendant relating to litigation involving Plaintiffs*

---

[9]Caldwell First Interrog. No. 7.

[10]*See* Caldwell and Ford First Req. No. 9 and Antrina Carter, Madison, and Owens First Req. No. 10.  *See also* Damon Carter and Dockery First Req. No. 10, which are virtually identical to the aforementioned requests, but which cover the time period August 1998 to the present.

[11]*See* Aikens First Req. No. 31.  *See also* Bailey First Req. No. 10, which is virtually identical to the Aikens request, but which is limited to the time period August 2000 to the present and contains no reference to "EEOC activities."

6

The third and final group is comprised of requests that seek the production of "[a]ny and all internal documentation, whether generated or received by an employee of defendant, that relates to litigation involving the plaintiff."[12]

### 3. Standard for establishing "undue burden"

As noted above, a party moving for a protective order must make "a particular and specific demonstration of fact" in support of its request and may not rely upon "stereotyped and conclusory statements."[13] This typically means that the party seeking a protective order based on undue burden or expense must submit affidavits or other detailed explanation as to the nature and extent of the claimed burden or expense.[14]

### 4. Has Defendant established undue burden?

Defendant has submitted the declaration of its counsel explaining that, during the requested time period, the Stinson Law Firm has represented Defendant in seven separate employment discrimination lawsuits filed on behalf on nineteen named plaintiffs and three putative nationwide classes. The declaration further explains that the Stinson Law Firm has represented Defendant in four other, unrelated civil actions

---

[12]*See* McIntosh First Req. No. 8; Caldwell and Ford First Req. No. 10; Bailey, Antrina Carter, Damon Carter, Dockery, Madison, and Owens First Req. No. 11; and Aikens First Req. No. 32.

[13]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L. Ed. 2d 693 (1981).

[14]*See, e.g., White v. Wirtz,* 402 F.2d 145, 148 (10th Cir. 1968) (defendant's failure to submit affidavit showing why answering interrogatories was an undue burden justified trial court's refusal to enter protective order); *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 257 (D. Kan. 1996) (motion for protective order denied where movant provided no evidence, by affidavit or otherwise, of undue burden).

7

during the requested time frame. Defense counsel states in his declaration that in order to prepare a privilege log in response to the above-cited interrogatories, Defendant's attorneys will be required to review 67 linear feet of documents, which consists of approximately 201,000 pages.[15] Defense counsel estimates that reviewing these documents and preparing a privilege log of them would take 1,675 hours of attorney time, at a total cost of over $250,000.[16]

In their response to Defendant's motion, Plaintiffs concede that Defendant has asserted valid objections to the scope of Plaintiffs' requests to the extent they seek information or documents about litigation or EEOC activities not involving the particular plaintiffs in this action. Plaintiffs state that they are willing to limit their requests, or are agreeable to the Court entering a protective order limiting them, to the remaining eleven Plaintiffs[17] and to this lawsuit and the eight EEOC charges involved in this lawsuit. Plaintiffs maintain that by limiting their requests in this manner, the undue burden and expense alleged by Defendant would be significantly decreased.

Defendant argues that even with the requests so limited, the burden of creating a privilege log would still be "vast and completely unjustified."[18] Defendant asserts in its reply brief that preparation of the log "would still cost tens of thousands if not hundreds of thousands of dollars and would provide no real

---

[15] *See* Donnelly Declaration, Ex. 1 attached to doc. 81.

[16] *Id.*

[17] This lawsuit was initially filed by thirteen plaintiffs. Two of the plaintiffs have settled their claims.

[18] Def. Reply, doc. 141 at p. 5.

8

benefit."[19] Defendant does not submit a supplemental declaration or affidavit supporting these assertions and provides no explanation for how it arrived at this conclusion.

The Court cannot say that Defendant has satisfied its burden to show that preparing a privilege log in response to the above-cited interrogatories and requests for production, as limited by Plaintiffs, would cause undue burden or expense. Without a supplemental declaration, affidavit or other evidence, the Court does not know how many of the 67 linear feet of documents described in the declaration would still need to be reviewed or how many hours it would take for counsel to review them and prepare the privilege log. Defendant's mere conclusory statement that it would cost tens or hundreds of thousands of dollars to complete this task does not satisfy Defendant's burden to make "a particular and specific demonstration of fact" in support of its request for protective order.[20]

### 5. *Are the requests unduly burdensome on their face?*

Defendant's failure to meet its evidentiary burden is not necessarily fatal to its claim that the requests are unduly burdensome. This Court has fashioned an exception to the rule requiring evidentiary support,

---

[19] *Id.*

[20] *See Gulf Oil,* 452 U.S. at 102 n. 16.

which applies when the discovery request is unduly burdensome on its face.[21]  The Court must therefore determine whether the requests are unduly burdensome on their face.

As written, the requests seek identification of all documents "regarding specific litigation or EEOC activities" and the production of documents that "relate[] to litigation involving the plaintiff."[22]  Even as limited by Plaintiffs in their responsive brief, the requests call for information or documents "regarding" or "relating to" this lawsuit, the remaining eleven Plaintiffs, and the eight EEOC charges involved in this lawsuit.

This Court has held on numerous occasions that a request or interrogatory is unduly burdensome on its face if it uses the omnibus term "relating to" or "regarding" with respect to a general category or group of documents.[23]  These cases reason that such broad language makes "arduous the task of deciding

---

[21]*See, e.g., Bradley v. Val-Mejias,* No. 00-2395-GTV, 2001 WL 1249339, at *6, n.4 (Oct. 9, 2001) (evidentiary support for undue burden objection not required when request unduly burdensome on its face); *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 655, 666 (D. Kan. 1999) ("That defendants may provide insufficient support for the objection does not matter.  A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support."); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197 (D. Kan. 1996) (party resisting discovery that is unduly burdensome on its face need not provide specific, detailed support to show it is burdensome); *Pulsecard, Inc. v. Discover Card Servs. Inc.,* No. 94-2304-EEO, 1996 WL 397567, at *10 (D. Kan. July 11, 1996) (affidavit or detailed explanation not required to support undue burden claim where request is unduly burdensome on its face).

[22]The Court notes that one version of the requests that seeks production of documents exchanged between Defendant and its counsel — at least as written — does not contain any "regarding" or "relating to" language.  *See*  Caldwell and Ford First Req. No. 9 and Antrina Carter, Damon Carter, Dockery, Madison, and Owens First Req. No. 10.  As narrowed by Plaintiffs in their response brief, however, those requests for production would be limited to documents exchanged between Defendant and its counsel *regarding* the eleven remaining plaintiffs, this lawsuit, and the eight EEOC charges involved in this lawsuit.

[23]*See, e.g.*, *Western Resources v. Union Pacific R.R.*, No. 00-2043-CM, 2001 WL 1718368, at *3  (Dec. 5, 2001) (requests for production in a breach of contract suit are unduly burdensome on their
(continued...)

10

which of numerous documents may conceivably fall within their scope."[24]  The use of such omnibus terms also requires the answering party to "engage in mental gymnastics to determine what information may or may not be remotely responsive."[25]

Here, the terms "regarding" and "relating to" do not modify a specific document, but rather very general categories of documents.  The requests are so broad and open-ended that Defendant could not possible fully determine — without undue burden — which documents would be responsive.  In fact, the Court is hard pressed to even determine the outer boundaries of Plaintiffs' requests.  The Court therefore concludes that the requests, even as limited by Plaintiffs, are unduly burdensome on their face.

The fact that these requests are unduly burdensome on their face, however, does not automatically relieve Defendant of its obligation to provide responses and/or a privilege log.  The above-cited cases hold that despite a valid objection that a request is facially unduly burdensome, the responding party still has a

---

[23](...continued)
face when they ask, *inter alia*, for all documents that refer or relate to:  (1) any alleged or actual breaches of the contract at issue, (2) plaintiff's reasons for breaching the contract, (3) communications between defendant and any other person regarding termination of the contract, and (4)  delivery of product under the contract); *Bradley,* 2001 WL 1249339, at *6 (request unduly burdensome on its face when it asks for all documents in plaintiff's possession "pertaining to the claim herein"); *Mackey,* 167 F.R.D. at 197-98 (interrogatory unduly burdensome on its face when it asks for "the identity of all documents 'pertaining to' comparison or ranking of the plants of [Defendant] for any reason").

[24]*Western Resources,* 2001 WL 1718368 at *3 (quoting *Audiotext Communications v. U.S. Telecom, Inc.,* No. 94-2395-GTV, 1995 WL 18759, at *6 (D. Kan. Jan. 17, 1995)).

[25]*Mackey,* 167 F.R.D. at 197-98.  *See also Pulsecard*, 1996 WL 397567, at *10 (request requiring party to produce documents "concerning" a broad range of items "requires the respondent  either to guess or move through mental gymnastics which are unreasonably time-consuming and burdensome to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request").

duty to respond *to the extent the request is not objectionable*.[26] Before the Court will require an objecting party to answer or provide a privilege log, however, the Court must have some guidance — from either the parties or some other source — as to what portion of the request is reasonably answerable.[27] Judge Rushfelt explained this rule in *Mackey*:

> To require an answer without such guidance typically involves an arbitrary determination by the court. The court strives to avoid arbitrariness.
>
> To make an appropriate order, the court must define the extent to which the interrogatory is reasonably answerable and not objectionable. In some instances the parties may themselves define the appropriate boundaries of the discovery. In other cases the parties provide little if any guidance as to what extent an interrogatory is non-objectionable. Sometimes other matters of record may define the discoverability of certain information encompassed by the interrogatory. Reliance upon such sources can enable the court to fashion an appropriate order. In the absence of such definition or resource, the court declines to speculate as to what the limits of such an order should be.

*Id.*

Here, Plaintiffs have provided the Court with some guidance that may enable the Court to fashion an appropriate order. Plaintiffs argue that in order to prove their retaliation claims they must be able to discover what facts have been communicated regarding the litigation (i.e., the protected activity), to whom those facts were communicated, and when those communications took place. Plaintiffs assert that this should include any communications between Defendant and its counsel.

---

[26]*See, e.g., Bradley,* 2001 WL 1249339, at *6; *Mackey,* 167 F.R.D. at 198. *See also* Fed.R.Civ.P. 33(b)(1) (party objecting to interrogatory "shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable").

[27]*Mackey*, 167 F.R.D. at 198 (the Court will require no answer "unless adequate guidance exists as to what extent the interrogatory is not objectionable.")

In support of their argument, Plaintiffs rely on a recent Tenth Circuit decision, *Hysten v. Burlington Northern and Santa Fe Railway Company,*[28] which involved a section 1981 retaliation claim. In *Hysten*, the plaintiff argued in response to the defendant's motion for summary judgment that he had made a showing of "very close temporal proximity" (six days) between his written reprimand and suspension and his continued litigation of his discrimination lawsuit.[29] He contended that this close temporal proximity permitted an inference of causation that should have defeated the defendant's motion for summary judgment.[30] The Tenth Circuit rejected the plaintiff's argument and held:

> [T]]he proximity between a specific litigation activity and the alleged retaliatory act is meaningless unless those who caused the alleged retaliatory act to occur are shown to have been aware of the specific activity. Plaintiff does not make this showing, and thus, we agree that summary judgment was appropriate.[31]

Relying on this language, Plaintiffs in this case argue that their requests are not objectionable to the extent they seek to discover communications and other information that would tend to show knowledge by Defendant and its employees of various litigation activities and other protected activities conducted by Plaintiffs. Plaintiffs do acknowledge, however, that some of those communications might be privileged and that Defendant may assert the attorney-client privilege and work product immunity where applicable and protect those privileges by providing an appropriate privilege log.

---

[28] 296 F.3d 1177 (10th Cir. 2002).

[29] *Id.* at 1184.

[30] *Id.*

[31] *Id.*

13

The Court agrees and finds that Plaintiffs' requests are not unduly burdensome to the extent they seek discovery relevant to the rule enunciated in *Hysten*. The Court will therefore grant in part and deny in part the motion for protective order based on Defendant's unduly burdensome arguments.

      6.    *Scope of the protective order to be entered*

The Court will enter a protective order limiting the requests so that they are consistent with *Hysten*, and will require Defendant to respond to the requests as limited. More specifically, the Court holds as follows:

- The interrogatories and requests for production at issue shall be limited to this lawsuit, the remaining eleven Plaintiffs in this lawsuit, and the eight EEOC charges involved in this lawsuit.

- Subject to the above-cited limitation, the interrogatories that ask Defendant to "identify each and every communication, whether written or oral, between the defendant and the [Stinson Law Firm], regarding specific litigation or EEOC activities, from 1998 to the end of 2001," are not unduly burdensome to the extent they ask Defendant to:

    > Identify each and every communication, whether written or oral, between defendant and the Stinson Law Firm, which reveals or shows that the employees or agents of Defendant who caused, participated in, or had input into the alleged retaliatory acts, were, at the time they so acted, aware of any of the Plaintiffs' litigation activities, EEOC activities, or other protected activities that took place during the period 1998 through 2001. Please identify the individuals involved in each communication, the date of the communication, and the substance of the communication.

- Subject to the above-cited limitation, the requests for production that ask Defendant to produce "[a] copy of any and all correspondence and/or documentation exchanged between Defendant and the [Stinson Law Firm] . . . between August of 2000 [or 1998][32] and the present," are not unduly burdensome to the extent they ask Defendant to:

---

[32]As noted above, there are two versions of this request. One asks for documents exchanged during the period August 2000 through the present, while the other asks for documents exchanged during the period 1998 through the present.

14

> Produce a copy of any and all correspondence and/or documentation exchanged between Defendant and the Stinson Law Firm during the period August 2000 [or 1998] through the present, which reveals or shows that the employees or agents of Defendant who caused, participated in, or had input into the alleged retaliatory acts, were, at the time they so acted, aware of any of the Plaintiffs' litigation activities, EEOC activities, or other protected activities.

! Subject to the above-cited limitation, the requests for production that ask Defendant to produce "[a]ny and all internal documentation, whether generated or received by an employee of Defendant, that relates to litigation involving the Plaintiff," are not unduly burdensome to the extent they ask Defendant to:

> Produce any and all internal documentation, whether generated or received by employees of Defendant, which reveals or shows that the employees or agents of Defendant who caused, participated in, or had input into the alleged retaliatory acts, were, at the time they so acted, aware of any of the Plaintiffs' litigation activities, EEOC activities, or other protected activities.

! To the extent Defendant contends that any of the requested information or documents are privileged or protected by work product immunity, Defendant shall provide a privilege log.

! To the extent Defendant contends that any of these interrogatories and requests, as limited and modified herein, are otherwise objectionable, Defendant shall so state its objections when it serves its written responses to the interrogatories and requests for production.

! Counsel for the parties shall, within **twenty (20) days** of the date of filing of this Order, confer and agree upon a schedule for Defendant to provide its responses to these interrogatories and requests for production, as limited and qualified herein, and to provide any privilege log. Counsel shall file a pleading notifying the Court of the parties' agreed upon schedule. Said pleading shall be filed within **five (5) days** of the date counsel reach their agreement.

## V.     Summary of Ruling

The Court declines to grant the Motion for Protective Order for the asserted reasons that the requests are overly broad on their face and not reasonably calculated to lead to the discovery of admissible evidence. Rule 26(c) does not provide for the entry of a protective order in either circumstance. While

15

Rule 26(c) does allow the Court to enter an order to protect a party from undue burden or expense, the Court finds that Defendant has failed to meet its burden of providing evidence of such burden or expense. The Court, does, however, find that the requests, even as limited by Plaintiffs in their responsive brief, are unduly burdensome on their face. The Court therefore holds that a protective order should be entered so as to limit the requests, as detailed herein. The Court will order Defendant to respond to the requests, as limited herein, and, if applicable, provide a privilege log.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order (doc. 80) is denied in part and granted in part as set forth herein.

IT IS FURTHER ORDERED that counsel for the parties shall, within **twenty (20) days** of the date of filing of this Order, confer and agree upon a schedule for Defendant to provide its responses to the interrogatories and requests for production, as limited herein, and to provide any privilege log. Within **five (5) days** of the date the parties reach their agreement, counsel shall file a pleading notifying the Court of the agreed upon schedule.

IT IS FURTHER ORDERED that each party shall bear its/his/her own attorney fees and expenses incurred in connection with the filing of this Motion for Protective Order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of August 2003.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties